UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG COLEMAN, | : | |
| Plaintiff | : | Civil Action No. 07-0023 |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA; | : | |
| POLICE OFFICERS GEORGE SOTO, | : | Jury Trial Demanded |
| No. 7013, DAVID MARCELLINO, | : | |
| No. 5002, PATRICK PELOSI, No. 808, | : | |
| SCOTT PASTMAN, No. 6945, all in | : | |
| their individual capacities, | : | |
| Defendants | : | |

### FIRST AMENDED COMPLAINT

#### Jurisdiction

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. §§1331, 1343, 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

#### Parties

2. Plaintiff Craig Coleman is a resident of Thorndale, Pennsylvania.

3. Defendant City of Philadelphia is a municipality incorporated in the Commonwealth of Pennsylvania.

4. Defendants George Soto, David Marcellino, Patrick Pelosi and Scott Pastman are police officers in the Philadelphia Police Department. They are sued in their individual capacities. At all relevant times, all defendants acted under color of state law.

#### Factual Allegations

5 . On January 21, 2005, at approximately 8:30 p.m., plaintiff Craig Coleman was

leaving the parking lot of Friday's Restaurant on City Line Avenue in Philadelphia, when he noticed that he was being followed by a Philadelphia police vehicle.

6. Plaintiff proceeded north and stopped his car after entering Route 76.

7. At that location plaintiff was immediately detained by defendants Soto and Marcellino.

8. Defendants Soto and Marcellino ordered plaintiff out of the car at point of gun and accused him of driving while intoxicated.

9. Plaintiff denied any intoxication and the defendant officers, acting in concert and conspiracy with other officers, including defendants Pelosi and Pastman responded with unreasonable force. They struck him several times in the head and body and sprayed mace in his face. The defendant officers who did not actually strike plaintiff, failed to prevent other officers from the use of unreasonable force.

10. Plaintiff did not strike or attempt to hit the defendant officers and he did not resist arrest.

11. Plaintiff was thereafter handcuffed and arrested by defendants Soto and Marcellino and was charged with DUI and aggravated assault on police officers.

12. The criminal charges were filed as a cover-up for the illegal stop, detention, search, and use of force against the plaintiff.

13. At the first listing of the case for a preliminary hearing, the DUI charges were dismissed as the blood alcohol tests showed no evidence of drinking or intoxication.

14. Thereafter, on July 25, 2005, October 31, 2005, and February 27, 2006, the case was listed for a preliminary hearing on the aggravated assault charges and on each occasion the

charging defendant officers Soto and Marcellino wilfully failed to appear at the hearing. The charges were dismissed on February 27, 2006.

15. The stop, detention, arrest, and search of plaintiff and his car were effectuated without probable cause or reasonable suspicion of criminal conduct by the plaintiff.

16. The force used by the defendant officers was unreasonable and excessive, as plaintiff did not threaten or assault the officers. All of the defendant officers, acting in concert and conspiracy, participated in the use of unreasonable force either directly or by failing to restrain fellow officers who were using unreasonable force.

17. The prosecution of plaintiff was initiated by the defendant officers Soto and Marcellino without cause and for malicious purposes.

18. Defendant City of Philadelphia, with deliberate indifference, failed to properly train, supervise, and discipline the defendant officers with respect to their police powers to stop, detain, or search persons pursuant to car stops, with respect to the legal use of force on persons under police investigation, and with respect to their duty to refrain from filing of false charges. The failure to train, supervise and discipline the defendant officers and other officers in the Philadelphia Police Department caused the constitutional violations alleged in this Complaint.

19. Defendant City of Philadelphia with deliberate indifference, has failed to properly monitor and track the actions of the defendant officers and other police officers with respect to the filing of false criminal charges and their failure to attend court hearings in cases in which they have filed false charges, thus causing the constitutional violations alleged in the Complaint.

20. As a result of the defendants' conduct, practices, and policies, plaintiff suffered painful physical injuries and substantial emotional pain and suffering.

**Count I–Federal Claims**

21. Plaintiff re-alleges paragraphs 1-20.

22. The acts and conduct of the defendant officers constituted an illegal and unconstitutional stop, detention, search, and arrest, the unreasonable and excessive use of force, and a malicious prosecution, all in violation of the Fourth and Fourteenth Amendments.

23. The defendant City of Philadelphia caused the constitutional violations by reason of its practice and custom, with deliberate indifference, of failing to properly train, supervise and discipline police officers, including the defendant officers, in the proper use of force, and in proper detention, search and arrest practices. Defendant City of Philadelphia has also failed, with deliberate indifference, to monitor and track patterns of police officer misconduct in the filing of false criminal charges. The practices, policies, and customs of the defendant City of Philadelphia caused the violations of the rights of the plaintiff.

**Count II–State Law Claims**

24. Plaintiff re-alleges paragraphs 1-23.

25. The conduct of the defendant officers was wilful, reckless and intentional and constituted assault, battery, negligent infliction of emotional distress, malicious prosecution, and a violation of Article I, Sections 1 and 8 of the Pennsylvania Constitution, and this Court has supplemental jurisdiction to hear and adjudicate these claims. The City of Philadelphia is liable for the state Constitutional violations.

**Relief**

Wherefore, Plaintiff requests this Court to Order:

1. Compensatory damages;

2. Punitive damages against the defendant officers;

3. Attorney's fees and costs;

4. All other appropriate relief.

_____
David Rudovsky
I.D. No. 15168
Jonathan H. Feinberg
I.D. No. 88227
Kairys, Rudovsky, Messing &
   Feinberg, LLP
718 Arch Street, Suite 501S
Philadelphia, PA 19106
(215) 925-4400

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

     I, David Rudovsky, hereby certify that on January 19, 2007, the foregoing First Amended Complaint was served via first-class mail to:

Lynne A. Sitarski, Esquire
City of Philadelphia Law Dept
Chief Deputy City Solicitor
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

                                                                    _____
                                                                     David Rudovsky

Dated: January 19, 2007